## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES—
## GENERAL

| | |
|---|---|
| Case No.   5:22-cv-02058-JWH-SP | Date   November 28, 2022 |
| Title   *Christopher Pang, et al. v. Matt Katz, et al.* | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Deborah Lewman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION (IN CHAMBERS)**

Plaintiffs Christopher Pang and Deserie Pang initially filed this action in San Bernardino County Superior Court.[1] On November 18, 2022, Defendants Polaris Industries, Inc. and Progressive Insurance removed this case to this Court pursuant to 28 U.S.C. § 1332.[2]

As an initial matter in every case, the Court must ensure that it possesses subject matter jurisdiction. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332. The party invoking the Court's jurisdiction bears "the burden of demonstrating that the court has subject matter jurisdiction to hear an action." *Nguyen v. Cache Creek Casino Resort*, 2021 WL 22434, at *2 (E.D. Cal. Jan. 4, 2021), *report and recommendation adopted sub nom. Hung Nguyen v. Cache Creek*

---

[1]   *See* Def.'s Notice of Removal of Action Under 28 U.S.C. § 1441(b) (including attachments) (the "Removal Notice") [ECF No. 1].

[2]   *Id.* at ¶ 3.

*Casino Resort*, 2021 WL 568212 (E.D. Cal. Feb. 16, 2021) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

Here, Defendants contend that Plaintiffs' claims against Defendant Matt Katz have no reasonable possibility of success because of a written release and that Katz is a "sham defendant" for the purpose of diversity jurisdiction.[3] In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *See Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir.1989). Additionally, the failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir.2002).

In view of the Court's concerns that Plaintiffs' claims against Katz may be valid, the Court concludes that it would be an inefficient use of judicial resources to adjudicate the instant action any further without firmly establishing that removal was both substantively proper under 28 U.S.C. § 1332 and procedurally correct under 28 U.S.C. § 1446.

Therefore, on its own motion, the Court hereby **ORDERS** as follows:

1. Plaintiffs are **DIRECTED** to file, no later than December 2, 2022, a supplemental memorandum explaining why their claims against Katz are both valid and have a reasonable possibility of success.

2. Defendants are **DIRECTED** to file, no later than December 9, 2022, a memorandum in response to arguments raised by Plaintiffs in their memorandum.

3. An in-person hearing on this Order to Show Cause is **SET** for December 16, 2022, at 9:00 a.m.

**IT IS SO ORDERED.**

---

[3] *Id.* at ¶¶ 18-20 & 25.